UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZAHED KHAN,

       Plaintiff

v.

DIVERSIFIED CONSULTANTS, INC.,

       Defendant

_____/

**COMPLAINT**

Case No.:17cv1934

Request for Jury Trial

Plaintiff, Zahed Khan ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., as and for his Complaint against the Defendant, Diversified Consultants, Inc., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5.  Plaintiff Zahed Khan is a resident of State of New York and currently resides at 55-09 98th Street, Apt. 3, Corona, NY 11368.

6.  Defendant Diversified Consultants, Inc., is a company engaged in the business of collecting debts with a principal place of business located at 10550 Deerwood Park Blvd, Suite 309, Jacksonville, FL 32256-2805.

7.  Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).

8.  The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

9.  Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. The Defendant was listed as collecting on his credit report, therefore the Plaintiff contacted them in order to obtain information on his account.

12. On March 21, 2017, the Plaintiff called the Defendant to obtain information about the account listed on his credit report.

13. After confirming the Plaintiff's identity and finding the account, the Defendant's representative stated: "Ok, yeah, last time we spoke with you, you said you didn't want us to call you again. However, we're not showing what you're saying. We're showing that

2

you still owe the balance unfortunately. Whatever payments you had made previously…[unclear]…And you're still in collections."

14. Plaintiff stated: "Like I said, I already spoke to someone about this and this has been paid so I'd like to dispute it."

15. Defendant's representative stated: "Ok, you want to dispute the account, so you have proof that you don't owe this then, sir?"

16. Plaintiff stated: "Yes, it's already been paid. So, I'd like to dispute it."

17. Defendant's representative stated: "Ok, you have proof of that?"

18. Plaintiff stated: "Excuse me?"

19. Defendant's representative stated: "You have proof that you don't owe this bill? Cause what's happening right now is Sprint has proof you do owe it. So, you'll have to be able to provide physical documentation that you don't owe the bill. Do you have that?"

20. Plaintiff stated: "I don't have it. I don't know where it is right now, but I did pay."

21. Defendant's representative stated: "Ok, cause we do ask that you provide any proof that you don't owe the balance and then a letter written in your own words stating why don't owe the balance. So, I can give you the address to send that information whenever you're ready."

22. Plaintiff stated: "So, you cannot take this over the phone? I mean it's already been paid."

23. Defendant's representative stated: "What do you mean? Take what over the phone, sir?"

24. Plaintiff stated: "The dispute."

25. Defendant's representative stated: "Yeah, I mean you're making a verbal dispute right now, but we do ask you to provide a letter written in your own words stating why don't owe the balance and any proof that you have to back up your claim."

26. Plaintiff stated: "Well, I don't know why it's with you guys in the first place though. I mean it's been paid. And I don't want this to be in my account. So, I'm asking you to dispute it."

27. Defendant's representative stated: "Let me just put it in a simpler way. A verbal dispute isn't to cut it at this point. If you're just making a verbal dispute you're probably just gonna be turned back into collections with another agency. Again, they have sound proof that you owe the bill so we do ask that you provide proof that you don't owe it if you'd like to properly take care of the account. And then what's going to happen is once you provide that proof, Sprint is going to reevaluate your debt and they're going to compare the info you provided with the information they already have. And then one of two things is gonna happen: you're either not gonna be obligated to pay the balance anymore and that'll be it, you'll be out of collections and good to go. Or, you're gonna be found to be obligated, which is what's most likely going to happen, and just placed in collections with another agency."

28. The call ended shortly after.

29. The Defendant refused to grant the Plaintiff's request to dispute his account, despite the Plaintiff's repeated requests to do so.

30. The Defendant was also rude and engaged in a harassing manner towards the Plaintiff.

31. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist the Defendant in its goal of collecting on debt from these consumers.

## CAUSES OF ACTION

### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692d – preface

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. 15 U.S.C. § 1692d – preface prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

34. Defendant is in violation of 15 U.S.C. §1692d – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that it could not dispute his account unless he sent a written dispute along with proof of why he was disputing the account. The Defendant also implied that the Plaintiff was lying about having paid the amount owed.

35. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### SECOND COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e - preface

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

37. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

5

38. Defendant is in violation of 15 U.S.C. §1692e – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that it could not dispute his account unless he sent a written dispute along with proof of why he was disputing the account.

39. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**THIRD COUNT**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)**

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

41. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

42. Defendant is in violation of 15 U.S.C. §1692e(8) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that it could not dispute his account unless he sent a written dispute along with proof of why he was disputing the account.

43. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**FOURTH COUNT**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §**
**1692e(10)**

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

45. 15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

46. The Defendant is in violation of 15 U.S.C. §1692e(10) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that it could not dispute his account unless he sent a written dispute along with proof of why he was disputing the account.

47. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**FIFTH COUNT**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §**
**1692f – preface**

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "51" herein with the same force and effect as if the same were set forth at length herein.

49. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

50. The Defendant violated 15 U.S.C. § 1692f – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and

informing the Plaintiff that it could not dispute his account unless he sent a written dispute along with proof of why he was disputing the account.

51. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SIXTH COUNT
## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(B)

52. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

53. Pursuant to 15 U.S.C. §1681s-2(b), a furnisher of information has a duty upon notice of dispute to conduct an investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency. The investigation must be done reasonably and adequately.

54. Defendant failed to conduct a reasonable and adequate investigation into its disputed credit reporting of Zahed Khan.

55. As a result Defendant's conduct, Plaintiff Zahed Khan has been damaged.

56. Plaintiff Zahed Khan has suffered mental and emotional distress, worry, humiliation, and embarrassment as a result of defendants' actions.

57. Plaintiff Zahed Khan has suffered pecuniary loss, been denied credit, and expended significant time and effort trying to address his credit report.

58. Defendant has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b), including the failure to fully and properly investigate Plaintiff Zahed Khan's dispute and by failing to correctly report results of an accurate investigation to each of the Credit Bureaus.

59. Defendant has violated the Fair Credit Reporting Act by willfully and/or negligently reporting false credit information about Plaintiff Zahed Khan and failed to reasonably investigate and remove.

8

## DEMAND FOR TRIAL BY JURY

60. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C.  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E.  A declaration that the Defendant's practices violated the FDCPA;

F.  For actual damages provided and pursuant to 15 U.S.C. § 1681n(a)(1)(A);

G.  For statutory damages provided and pursuant to 15 U.S.C. § 1692n(a)(1)(B)

H.  For punitive damages provided and pursuant to 15 U.S.C. § 1692n(a)(2)

I.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692n(a)(3);

J.  A declaration that the Defendant's practices violated the FCRA;

K.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: April 4, 2017

Respectfully submitted,

_s/Subhan Tariq__
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
9052 171st Street
Jamaica Estates, NY 11432
Telephone: (516) 900-4529

Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

To:    Diversified Consultants, Inc.
10550 Deerwood Park Blvd, Suite 309
Jacksonville, FL 32256-2805
(*via Prescribed Service*)

Clerk of the Court,
United States District Court
Eastern District of New York
255 Cadman Plaza E.
Brooklyn, NY 11201

(*For Filing Purposes*)